UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 13-130 (ADM/JJG)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | GOVERNMENT'S RESPONSE |
| Plaintiff, | ) | TO INTERVENOR STAR |
| | ) | TRIBUNE'S OBJECTION TO |
| v. | ) | COURT'S ORDER SEALING |
| | ) | RECORDS OF PORTION |
| BUFORD BRADEN ROGERS, | ) | OF HEARING CONDUCTED |
| | ) | ON JULY 23, 2013 |
| Defendant | ) | |

## I.   INTRODUCTION AND FACTS

On July 23, 2013, United States Magistrate Judge Jeanne J. Graham held an evidentiary hearing on the defendant's motions filed in the case. During the course of the hearing, the intervenor, the StarTribune Media Company, LLC, made a limited appearance for the purpose of seeking public access to sealed material in the record. The court then held a brief hearing to determine which, if any, of these previously-sealed materials should remain sealed. This hearing, approximately 13 minutes in length, was closed to the public in order to provide counsel for the defendant the opportunity to articulate the justification for maintaining previously-filed documents under seal and also to justify his present request to seal some portion of the hearing itself. The court closed the courtroom for this hearing, reasoning: "But in order to . . . allow them to speak freely, I need to do that in a closed courtroom. There will be a record of it, and then I'll make a

ruling as to whether there has been that showing of compelling interest. All right?" (*See* Transcript of Hearing, Docket Number 56, ("Transcript") at page 8).

Following this 13-minute sealed hearing and in open court, the court denied the defendant's motion and ordered the unsealing of the documents previously filed under seal, finding that there was not "a sufficient particularized showing for the proper compelling interest and narrowing of that interest."[1] (Transcript at 9-10).  The court also ruled that the pending evidentiary hearing would be open to the public for the same reason.

At the same time, the court denied the intervenor's request for access to the transcript of the sealed 13-minute hearing, stating, "No, I'm not going to allow that. I'm not going to allow that piece.  I'm denying the motion.  It seems to me that if parties need to make a motion to seal and need to be able to speak freely in that, that opening that up then does not allow the process or the people making the motion to seal to be free with what they need to tell the Court, be it sufficient or not." (Transcript at 9).

The intervenor's appeal follows the court's denial of the StarTribune's oral motion for access to the sealed 13-minute hearing made on July 23, 2013, and the StarTribune's written request for reconsideration made on July 26, 2013.

## II.    THE GOVERNMENT'S POSITION

The district court should order the unsealing of the 13-minute transcript.

---

[1] Specifically, the court unsealed docket entries 36 to 41.

## III. ARGUMENT

In his motion to intervene, counsel for the StarTribune correctly articulates the public's right of access to the court, including pending criminal proceedings, citing to U.S. Supreme Court cases *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980) and *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596 (1982). Counsel for the StarTribune reminds this Court that such "access" extends to any documents submitted to the court as part of pre-trial hearings, including the exhibits submitted during pre-trial suppression hearings. *In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 573 (8th Cir. 1988).

However, in *Globe Newspaper Co.,* the Supreme Court also ruled that the right of access to criminal court proceedings is not an absolute right. *Globe Newspaper Co.*, 457 U.S., at 606. Sealed (or redacted) documents may be permitted under certain circumstances, and when a party asks for certain documents to be sealed, the court must make specific findings, on the record, that sealing is "essential to preserve higher values and is narrowly tailored to that interest." *In re—Gunn*, 855 F.2d at 574. The party seeking to limit access by sealing must show that restricting the right of public access "is necessitated by a compelling government interest." *Id.*

Whether to grant access to criminal court proceedings in a particular case is made by the court, which must use its discretion to weigh the need for secrecy against the public's right of access. *In re Nat'l Broadcasting Co.*, 653 F.2d 609 (D.C. Cir. 1981). Court records should be sealed to keep confidential only what must be kept secret, temporarily or permanently as the situation requires. Public versions of court documents

should be redacted to protect the privacy interests of persons who are not parties, such as clients, employees, or witnesses.  See Robert Timothy Reagan, *Sealing Court Records and Proceedings: A Pocket Guide*, Federal Judicial Center (2010) at 17.

The decision whether to seal a record, and to maintain a record under seal, must be made on an individual basis based on the particular factual record before the court.  In the case at bar, the court – exercising its discretion to weigh the need for secrecy against the public's right to access – determined that the interest stated by the defendant in support of his motion to both seal a portion of the hearing and to maintain several of his filings under seal was insufficient to overcome the public's right to access.  (Transcript at 9-10).

First, the government concurs with the court's initial decision to close the courtroom in this matter "to allow each party to speak freely."  Closing the courtroom permitted counsel to describe to the court the "compelling interest" that he believed outweighed the public's right to access.  However, the government does not believe the court should *maintain* a sealing order in cases – such as this one – when the party seeking a sealing order fails to convince the court that a "compelling interest" sufficient to warrant a sealing order exists.  Put simply, a court's decision to seal a proceeding – thus denying the public access to a hearing may be "process-oriented" (i.e. "to permit the parties to speak freely"), but the justification to *maintain* the sealing order should be "content-oriented" (i.e. "whether the information discussed during the under seal proceeding constitutes a "compelling interest" that warrants protection from public access").

4

Here, the government respectfully submits that this Court's review of the content of the 13-minute sealed hearing will not yield sufficient information to support a finding that the need for secrecy outweighs the public's right to access.

## IV. CONCLUSION

The government does not believe the record supports a finding that the public's right to access is outweighed by any compelling interest in this case.

Dated: <u>12 Aug 13</u>                     Respectfully Submitted,

                                                        B. TODD JONES
                                                        United States Attorney


                                                        *s/ Charles J. Kovats, Jr.*

                                                        ANDREW R. WINTER
                                                        CHARLES J. KOVATS, JR.
                                                        Assistant U.S. Attorneys