# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America

        Plaintiff,

                                  **ORDER**
v.                                  Criminal No. 13-130 ADM/JJG

Buford Braden Rogers,

        Defendant.

_____

Andrew R. Winter, Esq., and Charles J. Kovats, Jr., Esq., United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Andrew H. Mohring, Esq., Office of the Federal Defender, Minneapolis, MN, on behalf of Defendant.

John P. Borger, Esq., and Mary Andreleita Walker, Esq., Faegre Baker Daniels LLP, Minneapolis, MN, on behalf of Intervenor Star Tribune Media Company LLC.

_____

       This matter is before the undersigned United States District Judge for a ruling on Intervenor Star Tribune Media Company LLC's Objection [Docket No. 63] to a Sealed Transcript [Docket No. 57]. Both Buford Braden Rogers and the Government filed responses to the Objection [Docket Nos. 66 and 67]. The Government does not oppose the unsealing of the Transcript. The Defendant Rogers opposes the unsealing.

       On July 23, 2013, Magistrate Judge Jeanne J. Graham sealed an excerpt of an evidentiary hearing on pretrial motions brought by Rogers. Judge Graham temporarily closed the hearing to allow Defendant to speak freely on the issue of what documents and what portion of the trial should be sealed. This was a correct approach to the issue of confidentiality. But, this order need not address the very real concern raised by Judge Graham, the Government, and

Defendant—how does a party make a "sufficient particularized showing" to seal documents and proceedings without revealing information that the moving party wishes to remain sealed?

Now, with the benefit of in camera review, unsealing the transcript in this case at this juncture makes sense because it contains no names or information of a sensitive nature. The transcript of the hearing, a 13-minute excerpt from 10:39 a.m. to 10:52 a.m., has no content which overcomes the long-standing presumption of the public's right of access to the court. See Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555 (1980); In re Search Warrant for Secretarial Area Outside Office of Gunn, 855 F.2d 569, 573 (8th Cir. 1988).

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the Sealed Transcript [Docket No. 57] be **UNSEALED**.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: August 15, 2013